IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| ROY EUGENE BUTLER, PRO SE, § | | |
| TDCJ-CID # 487803, § | | |
| § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | 2:03-CV-0180 | |
| § | | |
| KEITH PRICE, Warden, § | | |
| SHEILA WHATLEY, Law Library Supervisor, § | | |
| and § | | |
| NANCY JOWERS, Mail Room Supervisor, § | | |
| § | | |
|     Defendants. § | | |

**REPORT AND RECOMMENDATION**

       Plaintiff ROY EUGENE BUTLER, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants. Plaintiff has paid the filing fee and is not proceeding *in forma pauperis*.

       Plaintiff claims he has suffered a violation of his First Amendment right of access to courts and his Fourteenth Amendment rights of Due Process and Equal Protection. Plaintiff alleges that, on September 15, 2001, another inmate agreed to help him with a state court application for writ of habeas corpus, which was then filed on November 1, 2001. Plaintiff says the inmate helping him was transferred to another unit on August 12, 2002 and that his certificate of appealability was due "mid -June 2003" but that "materials needed to complete this

task have been denied." Plaintiff requests an award of $20,000.00 jointly and severally against the defendants "for emotional injuries (i.e., psychological damages; mental anguish) sustained as a result of the denial of legal correspondence" and punitive damages of $30,000.00 from each defendant.

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine if his claims present grounds for dismissal or should proceed to answer by defendant.

## THE LAW AND ANALYSIS

The Prison Litigation Reform Act requires a physical injury before a prisoner can recover for psychological damages. 42 U.S.C. § 1997e(e) ("No federal civil action may be

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury."). The Fifth Circuit has determined that the "physical injury" required by section 1997e(e) "must be more than de minimus [sic], but need not be significant." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997). Plaintiff has not alleged that he suffered any physical injury to support an award of monetary damages for the psychological damages alleged. Any grant of the requested monetary relief is barred by plaintiff's failure to fulfill the statutory requirement. Further, the facts alleged by plaintiff will not support an award of punitive damages.

Plaintiff states that his first attempt to mail his legal documents[3] from the Pack Unit to the inmate assisting him at the Clements Unit was denied when the Clements Unit mailroom sent them back to plaintiff[4].

Plaintiff says that, upon his request, Warden Hall at the Pack Unit gave him permission to re-mail his package on April 10, 2003[5]; however, a review of the "permission" reveals Warden Hall stated officials were trying to determine whether plaintiff had a "legal relationship with Offender Williams" and that any "correspondence" plaintiff mailed to Williams would be forwarded in the meantime[6]. There is no indication that any official, including Warden Hall, gave plaintiff permission to re-send his documents or any package.

---

[3] Only packages of items such as stationery, office supplies, or books were allowed to be received by inmates and such packages could not be from an individual but had to be from a business establishment.

[4] See plaintiff's December 3, 2003 response to question no. 18 of the Court's Questionnaire.

[5] See plaintiff's December 3, 2003 response to the Court's Questionnaire at question no. 4.

[6] See M. Hall's May 21, 2003 response to plaintiff's Step 1 grievance no. 2003142113 attached to plaintiff's December 3, 2003 Questionnaire response.

Plaintiff alleges that he re-mailed the documents; they were confiscated by prison officials at the Clements Unit; and they were never delivered to the addressee or returned to plaintiff. Instead, the confiscation was referred to the Directors Review Committee, a body which handles appeals of correspondence rule violations which result in confiscation of material. The D.R.C. affirmed the confiscation[7] based on the determination that the mailing constituted a "package received from an individual."

Plaintiff argues there is nothing in the Correspondence Rules forbidding one inmate from sending a package to another inmate and that nothing defines a package as including a mailing in excess of nine pages, so the confiscation violated Equal Protection. Plaintiff's arguments are without merit.

To state a claim under the Equal Protection Clause, a section 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class or due to an irrational or arbitrary state classification unrelated to a legitimate state objective. *Washington v. Davis*, 426 U.S. 229, 247-48, 96 S.Ct. 2040, 2051-52, 48 L.Ed.2d 597 (1976); *Stern v. Tarrant County Hospital District*, 778 F.2d 1052 (5th Cir. 1985), *cert. denied*, 476 U.S. 1108, 106 S.Ct. 1957, 90 L.Ed.2d 365 (1986). Plaintiff does not argue his membership in a protected class prompted discrimination.

Rule 3.9.6.1 of the Correspondence Rules, adopted by plaintiff and attached as Exhibit 7 to plaintiff's December 3, 2003 Questionnaire response, provides that "[p]ackages may not be sent to offenders by individuals." It also states that "TDCJ will permit the delivery of

---

[7]See Exhibit 3 attached to plaintiff's December 3, 2003 Questionnaire response, Director's Review Committee Decision Form Incoming Package.

packages of stationary from legitimate suppliers and vendors of stationary . . . subject to its right of inspection." An inmate is clearly not a vendor or supplier; he is an individual. Application of the prohibition against receipt of a package from an individual is equally reasonable to inmate packages as it is to packages from a person in the free world. Further, the Correspondence Rules make plain that many pieces of paper may constitute a "package."

Given that prison officials would have to inspect plaintiff's "package" of documents to ensure it did not contain any contraband, such as gang threats or an escape plan, the D.R.C. determination that the envelope or envelopes of documents was a package from an individual in violation of the Correspondence Rules constituted a rational classification which was clearly and rationally related to a legitimate state objective. *Washington v. Davis*, 426 U.S. 229, 247-48, 96 S.Ct. 2040, 2051-52, 48 L.Ed.2d 597 (1976). Thus, the facts alleged will not support a claim based on Equal Protection.

Plaintiff feels the documents should have been returned to him; however, he has alleged no fact to show the failure to return the documents violated his constitutional rights. Review of the response of prison officials to plaintiff's Step 2 grievance no. 2003185077, attached to plaintiff's Submission of Exhibits to Plaintiff's Questionnaire Response, reveals the addressee inmate was informed of the confiscation and given sixty days in which to designate how it should be disposed of, *i.e.*, whether it should be destroyed or mailed to an address designated by the addressee inmate. After sixty days, in the absence of any designation by the addressee inmate, the package containing plaintiff's documents was destroyed in accordance with prison rules.

An inmate alleging denial of access to the courts must demonstrate an actual injury stemming from the defendants' unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999). When asked how he was harmed by the failure to return the documents, plaintiff stated "I have no idea just how I was harmed because I do not understand the Law at all . . . ." He also stated that he suffered "untold harm with [his] case" in that "it has caused [him] to be denied an extention of time into the United states Supreme Court this alone has cost [him his] Case [sic et passim]." This vague and conclusory allegation is not sufficient to demonstrate the "actual injury" necessary to show standing. Plaintiff has utterly failed to state an access-to-courts claim.

To the extent plaintiff is alleging a violation of Due Process by a confiscation done in accordance with prison policy, by his own allegations, the named defendants, to the extent any of them was actually involved in the decision to confiscate and/or destroy, complied with existing prison correspondence rules and are clearly entitled to qualified immunity against the only relief requested, monetary damages. Thus, in this respect, plaintiff has failed to state a claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code,

Section 1983, by plaintiff ROY EUGENE BUTLER is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

       IT IS SO RECOMMENDED.

       ENTERED THIS 18th DAY OF OCTOBER 2005.

                                                       _____
                                                       CLINTON E. AVERITTE
                                                       UNITED STATES MAGISTRATE JUDGE

## \* **NOTICE OF RIGHT TO OBJECT** \*

       Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

       Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).